David A. Chami, AZ #027585
PRICE LAW GROUP, APC
8245 North 85th Way
Scottsdale, AZ 85258
T: 818-600-5564
F: 818-600-5464
E: david@pricelawgroup.com
*Attorneys for Plaintiff*
*Emily Pap*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| EMILY PAP,<br><br>    Plaintiff,<br><br>v.<br><br>MACY'S, INC. AND DEPARTMENT STORES NATIONAL BANK,<br><br>    Defendants. | Case No.: 4:18-cv-4025<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **TCPA, 47 U.S.C. §227** *et seq.*<br>2. **Tex. Fin. Code § 392.301** *et seq.*<br>3. **Invasion of Privacy** |

Plaintiff Emily Pap ("Plaintiff"), through her attorneys, alleges the following against Macy's, Inc. ("Macy's") and Department Stores National Bank ("DSNB") (collectively "Defendants"):

**INTRODUCTION**

This is a three-count complaint based on violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* (TCPA), and Texas Protection of Consumers of Financial Services, Tex. Fin. Code § 392.301 *et seq.* (TPCFS), and intrusion upon Plaintiff's seclusion/Invasion of Privacy, against Defendants and their agents for their use of automatic dialers and their harassing, abusive, deceptive and unfair practices in connection with the collection of Plaintiff's consumer debts.

**JURISDICTION AND VENUE**

1. Jurisdiction of the court arises under 28 U.S.C. §1331 and 47 U.S.C. §227.
2. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part

of the events or omissions giving rise to the claim occurred in this District, because Plaintiff resides in this District, and Plaintiff received Defendants' telephone calls in this District.

3. Defendants transact business in this District; therefore, personal jurisdiction is established.

## PARTIES

4. Plaintiff is a natural person residing in Harris County, TX.

5. Plaintiff is a ("consumer") as defined under Tex. Fin. Code § 392.301(1).

6. Defendant Macy's, Inc. is a corporation that issues credit cards through Department Stores National Bank, with its principal place of business at 7 West Seventh Street, Cincinnati, OH 45202.

7. Defendant DSNB is a ("creditor") and a ("debt collector") under Tex. Fin. Code §§ 392.301(3), (6), with its principal place of business located at 701 East 60th Street, Sioux Falls, SD 57104.

8. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Plaintiff applied for and received a Macy's-branded credit card from DSNB. Plaintiff used the credit card to make purchases for personal, family and household purposes. Plaintiff owes a debt to DSNB.

10. In or around March of 2018, DSNB began making calls to Plaintiff seeking repayment of Plaintiff's debt. DSNB would call Plaintiff at least one hundred and twenty-five (125) times.

11. DSNB made calls to Plaintiff using the telephone numbers (513) 573-8028, (513) 573-8717, (513) 573-8738, (513) 573-8739, (513) 754-9822, (513) 754-9841, (513) 754-9852, (513) 754-9874, (727) 556-5772, (727) 556-7300, (800) 782-7756, (877) 469-6547, (877) 469-6548, (877) 469-6548, which belong to or are operated by DSNB.

12. All of DSNB's calls to Plaintiff were made to Plaintiff's cell phone number, ending in 6316.

13. On or around March 20, 2018, Plaintiff received a call from (727) 556-7300.

14. When Plaintiff answered the phone, she heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

15. During that call, DSNB's representative explained that he/she was calling to attempt to collect on Plaintiff's debt.

16. Plaintiff explained that she was going through a hardship and was unable to make any payment.

17. Plaintiff also instructed DSNB's representative to stop calling Plaintiff but instead to communicate with Plaintiff through the mail.

18. Despite Plaintiff having revoked consent to be called, between March 20 and May 1, DSNB called Plaintiff at least sixty (60) times using an ATDS.

19. On or about May 1, 2018, Plaintiff received a call from (513) 573-8028.

20. When Plaintiff answered the phone, she heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

21. The representative of DSNB who was connected to the call introduced herself as Shonda Johnson. The representative stated she was calling to collect on Plaintiff's debt.

22. Plaintiff explained to DSNB's representative that was Plaintiff was going through a hardship and thus enable to may any payments on her debt. Plaintiff further explained that she had been affected by Hurricane Harvey and was struggling to get back on her feet ever since.

23. Plaintiff further explained that Plaintiff herself would contact DSNB when Plaintiff could make a payment.

24. Despite Plaintiff's initial request to only be contacted through the mail, and despite Plaintiff further explaining her inability to make a payment during the May 1 call, DSNB called Plaintiff approximately thirty more times (30) through May 12, 2018 using

an ATDS.

25. On or about May 12, 2018, Plaintiff received a call from (800) 782-7756.

26. When Plaintiff answered the phone, she heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

27. The representative of DSNB who was connected to the call introduced herself as Jennifer. The representative stated she was calling to bring Plaintiff's account current.

28. Plaintiff answered the call and explained that Plaintiff had spoken to another representative from DSNB only a week before and had been clear that she was going through a tough financial hardship and thus could not make payments at that time. Plaintiff complained about what could have changed in one week for DSNB to be calling her again so soon.

29. DSNB's representative answered that DSNB's system is programmed to automatically dial Plaintiff's phone number, that the representatives have no control over who or how often the system calls debtors such as Plaintiff.

30. Plaintiff again told DSNB that Plaintiff herself would call DSNB when Plaintiff could make a payment.

31. Still, despite Plaintiff having revoked consent to be called twice before and again on May 12, 2018, after May 12, DSNB called Plaintiff another twenty-two (22) times using an ATDS.

32. DSNB made the at least 125 calls to Plaintiff in less than two months.

33. DSNB frequently called Plaintiff several times a day, up to five times a day. For example, on March 28, 2018, DSNB called Plaintiff five times, at 8:06 am, 11:26 am, 1:34 pm, 5:08 pm, and 7:08 pm. The following day, DSNB called Plaintiff four times, at 8:06 am, 11:07 am, 2:13 pm, 5:14 pm.

34. Each and every one of those telephone calls caused Plaintiff distraction, temporary loss of use of her telephone line, and annoyance.

35. Defendant is familiar with the TCPA, and the TPCFS.

36. Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, to increase the amount Plaintiff was willing to pay, or to cause Plaintiff to make a small payment that would restart the statute of limitations.

37. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

38. DSNB phone calls to Plaintiff's cellular phone caused Plaintiff extreme emotional distress, aggravation, embarrassment, anguish, and mental pain. Defendant's conduct further exacerbated Plaintiff's emotional distress from being affected by Hurricane Harvey, because DSNB added more worries to Plaintiff's financial problems.

39. Defendants phone calls were pervasive and continuous and a knowing intrusion into Plaintiff's right to be left alone.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. Defendants violated the TCPA. Defendants' violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's

-5/8-                              *Pap v. Department Stores National Bank*
                                                              Complaint

cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and, as such, Defendants knowingly and/or willfully violated the TCPA.

42. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**Violations of the Tex. Fin. Code § 392.301 *et seq.***

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. Defendants violated the TPCFS. Defendant violated the TPCFS by calling Plaintiff at least 125 times. Defendants' conduct violates the TPCFS because "[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by: . . . (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number." Tex. Fin. Code § 392.302(4).

45. Defendants' acts, as described above, were done intentionally with the purpose of harassing Plaintiff in connection with her debt.

46. As a result of the foregoing violations of the TPCFS, Defendants are liable to Plaintiff for actual damages, attorneys' fees and costs.

## COUNT III

**Defendants' Invasion of Privacy of Plaintiff**

1. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

2. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as "[o]ne who intentionally intrudes… upon the solitude or seclusion of another,

or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

3. Defendants violated Plaintiff's privacy. Defendants' violations include, but are not limited to, the following:

    a. Defendants intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite having unequivocally revoked consent to be called.

    b. The number and frequency of the telephone calls to Plaintiff by Defendants constitute an intrusion on Plaintiff's privacy and solitude.

    c. Defendants' conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule, as well as temporarily occupying Plaintiff's telephone line.

    d. Defendants' acts, as described above, were done intentionally with the purpose of coercing and oppressing Plaintiff to pay the alleged debt.

4. Defendants' conduct was unreasonable, unjustified and unwarranted because Plaintiff revoked consent to be called.

5. As a result of Defendants' violations of Plaintiff's privacy, Defendants are liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Emily Pap respectfully requests judgment be entered against Defendants for the following:

    A. Declaratory judgment that Defendants violated the TCPA and the TCPFS;

    B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. §

1. 227(b)(3)(C).
2. C. Actual damages pursuant to Tex. Fin. Code § 392.403(a)
3. D. Costs and reasonable attorney's fees pursuant to Tex. Fin. Code § 392.403(b);
4. E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and
5. F. Any other relief that this Court deems appropriate.

Respectfully submitted this 24th day of October 2018.

**PRICE LAW GROUP, APC**

By: */s/ David A. Chami*
David A. Chami, AZ #027585
PRICE LAW GROUP, APC
8245 North 85th Way
Scottsdale, AZ 85258
T: 818-600-5564
F: 818-600-5464
E :david@pricelawgroup.com
*Attorneys for Plaintiff*
*Emily Pap*